## Case No. 15,837.

UNITED STATES v. MURPHY et al.

[1 Cal. Law J. 217.]

District Court, N. D. California.   Jan. 10, 1863.

MEXICAN LAND GRANTS—FINAL DECREE—REHEARING—"PENDING CASE"—PRACTICE.

Where a decree has been rendered, and a motion for a rehearing made thereon, until that motion for rehearing is finally disposed of, such case is still "pending;" and the act of 1860 [12 Stat. 35], whose provisions apply to all "pending cases," takes effect as to such case, though the decree was rendered previous to the passage of the law.

[This was a claim by Daniel Murphy and others for San Francisco de Las Llagas, six square leagues in Santa Clara county, granted February 3, 1834, by José Figueroa to Carlos Castro. Claim filed February 9, 1852. Confirmed by the commission August 22, 1854, and by the district court October 22, 1855 (case unreported), containing 22,979.66 acres.]

HOFFMAN, District Judge. The official survey in this case was originally ordered into court for examination prior to the passage of the act of 1860. The cause was heard and a decree made, setting the survey aside and adopting a previous survey, made by A. W. Thompson, United States deputy surveyor. A motion was subsequently made for a rehearing, but it remained unargued and undisposed of up to the date of the passage of the act of 1860. As by that law, all pending cases were subjected to its provisions, it was considered by the court that the operation of the decree, as a final judgment, was in effect suspended by the motion for a rehearing, and that the case was "pending," within the meaning and intent of the law. Proceedings, as required by the act of 1860, were accordingly had. Advertisements were published, and time afforded to the claimants and to the parties intervening to produce testimony.

No evidence whatever, in addition to that before the court at the time of making the decree adopting the Thompson survey, has been produced on the part of those who object to that survey. The claimants, however, have offered testimony corroboratory of that on which the decree was made. The final decree of confirmation entered in this court declares the land confirmed to be the tract embraced within the limits of a judicial possession given to the grantee, and approved and confirmed, after some contest, by the Mexican authorities. No limitation of quantity is mentioned in the decree, and in the engrossed copy in the decree book, a clause stating the quantity to be two leagues—a little more or less—has been erased by order of the circuit judge, by whom the decree was rendered.

The only question, therefore, is as to the limits of the judicial possession. The measurements, as specified in the record of possession, are evidently erroneous, and afford no means of ascertaining the limits of the tract; but the monuments set up at the corners and the delineation of the tract whereof possession was given, which was marked on the original diseño by the judicial officers, enable us to ascertain, with reasonable certainty, the limits of the tract measured off to the claimant. The record states that, at the end of each line, a flag was placed and a boundary-mark established. These marks are now pointed out and identified by the two surviving witnesses who assisted at the proceeding. They consist of ancient marks on trees. No testimony in opposition to their statements is offered, nor is any attempt made to show by examining the annulations of the wood that the marks were not made at the time the judicial possession was given. The lines thus established correspond with tolerable exactness to the rude delineation made on the diseño by the judicial officer. They have been followed in the survey by Mr. Thompson, and I see no reason to doubt that they are those established by the officer giving possession. They are, therefore, the boundaries of the land to which by the final decree the title of the claimant was confirmed. It appears, however, that a part of the land is included in the Solis rancho, which has been surveyed and patented. This portion the claimants in this case have agreed to relinquish, and have consented that the Thompson survey be modified so as to follow the line of the Solis rancho, so far as the two ranchos are co-terminous. A decree to that effect will be entered.